IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CHANTEL PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:13-cv-506 |
| vs. ) | |
| ) | |
| PENTAGROUP FINANCIAL, LLC and ) | |
| CACH, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, CHANTEL PITTMAN, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendants, PENTAGROUP FINANCIAL, LLC and CACH, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Hope Mills, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant, PENTAGROUP FINANCIAL, LLC (hereinafter "Pentagroup"), is a limited liability company of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Houston, Texas.

8. On information and belief, Defendant, CACH, LLC (hereainfter "CACH"), is a limited liability company of the State of Colorado, which is licensed to do business in North Carolina and which has its principal place of business in Denver, Colorado.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

9. On or about April 8, 2013, representatives and employees of Defendant Pentagroup, acting in their capacity as the authorized agent of CACH, began contacting Plaintiff regarding collection of an alleged debt which is allegedly owed by Plaintiff to CACH.

10. On or about April 8, 2013, Plaintiff sent a letter to Pentagroup disputing the alleged debt and further requesting verification and/or validation of the alleged debt. Plaintiff also provided proof that the alleged debt has in fact been settled and paid in full on or about May 17, 2011.

11. Pentagroup did not provide verification or validation of the alleged debt, but instead on or about May 18, 2013, sent Plaintiff another demand for payment.

12. All of the actions of Pentagroup as described above were undertaken as the attorneys and authorized agents of CACH.

13. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

   a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

   c. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the

applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g; and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHANTEL PITTMAN, respectfully prays for a judgment against Defendants as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendants violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

      b.      Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110; and

      c.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHANTEL PITTMAN, respectfully prays for a judgment against Defendants as follows:

      a.      Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

          Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com